## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ERNESTO SANTIAGO #90304038        )
P.O. BOX 8000                     )
BRADFORD, PA 16701                )
                                  )
          Plaintiff,              )  Civil Action No. 05-153E
                                  )
     v.                           )  JUDGE McLAUGHLIN
                                  )  MAGISTRATE JUDGE BAXTER
JAMES F. SHERMAN WARDEN & BOP STAFF )
P.O. BOX 5000                     )  ELECTRONICALLY FILED
BRADFORD, PA 16701,               )
                                  )
          Defendants.             )
```

### ANSWER OF THE DEFENDANTS

AND NOW, come the Defendants, James F. Sherman Warden & BOP Staff, P.O. Box 5000, Bradford, PA 16701, (hereinafter referred to as the "Federal Defendants"), by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and file the following Answer to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

A.   Introductory Section

Defendants deny the averments as set forth in the first sentence of the section marked "I" of Plaintiff's Complaint, as Plaintiff is currently in midst of a move to another federal institution, but Plaintiff is no longer incarcerated at FCI-McKean.

Defendants admit the averments as set forth in the second sentence of the section marked "I" of Plaintiff's Complaint.

Defendants admit the averments as set forth in the third sentence of the section marked "I" of Plaintiff's Complaint.

Defendants admit the averments as set forth in the section marked "II(A) and (B)" of Plaintiff's Complaint.

Defendants are without information or knowledge sufficient to form a belief as to the truth of the statements as set forth in the section marked "III" of Plaintiff's Complaint since the Plaintiff failed to complete that section.

B.  Statement of Claim

Defendants deny in part and admit in part the averments as set forth in the section marked "IV(A) and (B)" of Plaintiff's Complaint.  By way of further explanation, Defendants admit that the alleged acts occurred at FCI-McKean but deny all remaining averments set forth in that section.

IV(C)(1).  Defendants admit in part and deny in part the allegations set forth in paragraph IV(C)(1) of Plaintiff's Complaint.  By way of further explanation, Defendants deny that the Unit Team at FCI-McKean would not allow ample time for review of all legal papers of an inmate.  Defendants admit the remaining averments set forth in that paragraph.

IV(C)(2).  Defendants neither admit nor deny the averments set forth in paragraph IV(C)(2) of Plaintiff's Complaint, and

leave Plaintiff to his proofs. To the extent a response is deemed necessary, no response can be made since it involves the privacy rights of another inmate.

    IV(C)(3). Defendants neither admit nor deny the averments set forth in paragraph IV(C)(3) of Plaintiff's Complaint, and leave Plaintiff to his proofs. To the extent a response is deemed necessary, no response can be made since it involves the privacy rights of another inmate.

    IV(C)(4). Defendants neither admit nor deny the averments set forth in paragraph IV(C)(4) of Plaintiff's Complaint, and leave Plaintiff to his proofs. To the extent a response is deemed necessary, no response can be made since it involves the privacy rights of another inmate.

    IV(C)(5). Defendants admit in part and deny in part the averments as set forth in paragraph IV(C)(5) of Plaintiff's Complaint. By way of further explanation, Defendants aver that Penny Lundgren confiscated a docket sheet from Plaintiff. Defendants deny the remaining averments.

    IV(C)(6). Defendants neither admit nor deny the averments set forth in paragraph IV(C)(6) of Plaintiff's Complaint, and leave Plaintiff to his proofs. To the extent a response is deemed necessary, no response can be made since it involves the privacy rights of another inmate.

IV(C)(7).   Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph IV(C)(7) of Plaintiff's Complaint, and leave Plaintiff to his proofs.

IV(C)(8).   Defendants admit the averments as set forth in paragraph IV(C)(8) of Plaintiff's Complaint.

IV(C)(9).   Defendants are without information or knowledge sufficient to form a belief as to the accuracy of the averments set forth in paragraph IV(C)(9) of Plaintiff's Complaint.

IV(C)(10).   Defendants admit the averments as set forth in paragraph IV(C)(10) of Plaintiff's Complaint.

IV(C)(11).   Defendants admit the averments as set forth in paragraph IV(C)(11) of Plaintiff's Complaint.

IV(C)(12).   Defendants admit the averments as set forth in paragraph IV(C)(12) of Plaintiff's Complaint.

IV(C)(13).   Defendants admit the averments as set forth in paragraph IV(C)(13) of Plaintiff's Complaint.

IV(C)(14).   Defendants admit the averments as set forth in paragraph IV(C)(14) of Plaintiff's Complaint.

IV(C)(15).   Defendants admit the averments as set forth in paragraph IV(C)(15) of Plaintiff's Complaint.

IV(C)(16).   Defendants admit the averments as set forth in paragraph IV(C)(16) of Plaintiff's Complaint.

IV(C)(17).   Defendants neither admit nor deny the averments set forth in paragraph IV(C)(17) of Plaintiff's Complaint, and leave Plaintiff to his proofs.  To the extent a response is deemed necessary, no response can be made since it involves the privacy rights of another inmate.

IV(C)(18).   Defendants admit the averments as set forth in paragraph IV(C)(18) of Plaintiff's Complaint.

IV(C)(19).   Defendants are without knowledge in part and admit in part the averments set forth in paragraph IV(C)(19) of Plaintiff's Complaint.  By way of further explanation, Defendants admit that Ms. Deanna Tronetti sent a response inquiring into the matter.  Defendants are without information or knowledge sufficient to form a response as to the truth of the remaining averments.

IV(C)(20).   Defendants are without knowledge in part and admit in part the averments set forth in paragraph IV(C)(20) of Plaintiff's Complaint.  By way of further explanation, Defendants admit that Ms. Tronetti advised that the Central Office had not yet responded to him.  Defendants are without information or knowledge sufficient to form a response as to the truth of the remaining averments.

IV(C)(21).   Defendants admit the averments as set forth in paragraph IV(C)(21) of Plaintiff's Complaint.

IV(C)(22).   Defendants admit the averments as set forth in paragraph IV(C)(22) of Plaintiff's Complaint.

IV(C)(23).   Defendants admit in part and deny in part the averments set forth in paragraph IV(C)(23) of Plaintiff's Complaint.  By way of further explanation, Defendants admit that Plaintiff was subjected to routine searches of his cell. Defendants deny the remaining averments.

IV(C)(24).   Defendants admit in part and deny in part the averments set forth in paragraph IV(C)(24) of Plaintiff's Complaint.  By way of further explanation, Defendants admit that Plaintiff was subjected to routine searches of his cell and that Plaintiff was placed in administrative detention on March 10, 2005.  Defendants deny the remaining averments.

IV(C)(25).   Defendants are without information or knowledge sufficient to form a belief as to the accuracy of the averments set forth in paragraph IV(C)(25) of Plaintiff's Complaint.

IV(C)(26).   Defendants admit in part and are without information or knowledge in part concerning the averments set forth in paragraph IV(C)(26) of Plaintiff's Complaint.  By way of further explanation, Defendants admit that Plaintiff received an envelope from Federal Public Defender marked Special Mail, open only in the presence of the inmate (28 C.F.R. § 540.19). Defendants are without knowledge or information sufficient to form a belief as to the veracity of the remaining averments set forth in that paragraph.

IV(C)(27).   Defendants deny the averments set forth in paragraph IV(C)(27) of Plaintiff's Complaint.

V.   Defendants admit in part and deny in part the averments as set forth in section "V" (A)-(F) of Plaintiff's Complaint.  By way of further explanation, Defendants deny the averments set forth in "V(C)(1) and (2)" and admit the remaining averments.

VI.   The statements set forth in section "VI" are Plaintiff's prayer for relief, to which Defendants aver that he is **not** entitled to an expedited Order immediately directing the Warden to stop opening inmate's legal mail outside of inmate's presence; to stop taking trial and sentencing transcripts and the like; to stop retaliating against him for filing administrative remedies; that he is not entitled to a reimbursement of his filing fee; and/or that he is not entitled to $925.00, and/or any other relief whatsoever, and that Defendants pray for judgment for them and against Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction of the subject matter and parties herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies and is therefore barred from recovery.

### FIFTH AFFIRMATIVE DEFENSE

Defendants have been insufficiently served with process herein.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, BOP Staff, is an improper party defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to file an administrative claim and one in a timely fashion, prior to filing the instant lawsuit, as required by the Federal Tort Claim Act, 28 U.S.C. § 2675, and therefore, is barred from recovery.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant James Sherman is not subject to suit in his individual capacity under the facts as alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Defendant James Sherman is not liable to Plaintiff because of *respondeat superior* doctrine.

WHEREFORE, Defendants, James F. Sherman Warden & BOP Staff, P.O. Box 5000, Bradford, PA 16701, respectfully request that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants, that Defendants be awarded attorney's fees and disbursements, and such other and further relief as the Court deems appropriate in this action.

                         Respectfully submitted,

                         MARY BETH BUCHANAN
                         UNITED STATES ATTORNEY

                         <u>s/Paul E. Skirtich</u>
                         PAUL E. SKIRTICH
                         Assistant United States Attorney
                         U.S. Post Office and Courthouse
                         700 Grant Street, Suite 4000
                         Pittsburgh, PA 15219
                         412-894-7418
                         PA ID No. 30440

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of the Defendant was electronically filed and/or served by first-class mail, postage-prepaid, on this 10th day of January, 2006, to the following:

>Ernesto Santiago
>Plaintiff *Pro Se*
>Reg. No. 90304-038
>FCI McKean
>Post Office Box 8000
>Bradford, PA 16701

I also note that I am aware that Mr. Santiago has been moved from FCI-McKean and is currently in transit to another federal institution.  Until Mr. Santiago arrives at his new place of confinement, the Bureau of Prisons will not release any information until Mr. Santiago arrives, is processed, and assigned for housing.  Upon that event, I certify that a copy of the foregoing Answer will be served by first-class mail, postage-prepaid, and notice of that event will be forwarded to this Court.

>s/Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney