IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO #90304038          )
P.O. Box 8000                       )
Bradford, PA 16701,                 )
                                    )
          Plaintiff,                )      Civil Action No. 05-153E
                                    )
     v.                             )      JUDGE McLAUGHLIN
                                    )      MAGISTRATE JUDGE BAXTER
JAMES F. SHERMAN, WARDEN            )
AND BUREAU OF PRISON STAFF          )      ELECTRONICALLY FILED
P.O. Box 5000                       )
Bradford, PA 16701,                 )
                                    )
          Defendants.               )


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**


MARY BETH BUCHANAN
UNITED STATES ATTORNEY


s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Tel:  (412) 894-7418
Fax:  (412) 644-6995

## **TABLE OF CONTENTS**

PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NAMED DEFENDANTS . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . 3

    A.   PLAINTIFF'S CURRENT INSTITUTION . . . . . . . . . . 3

    B.   ADMINISTRATIVE REMEDIES AVAILABLE TO
        FEDERAL PRISONERS . . . . . . . . . . . . . . . . . 3

LEGAL STANDARDS AND ARGUMENT . . . . . . . . . . . . . . . 4

    A.   STANDARDS OF REVIEW . . . . . . . . . . . . . . . . 4

        1.   *PRO SE* LITIGANTS . . . . . . . . . . . . . . 4

        2.   MOTION TO DISMISS PURSUANT TO
            FED.R.CIV.P. 12(b)(1) . . . . . . . . . . . . 5

        3.   MOTION TO DISMISS PURSUANT TO
            FED.R.CIV.P. 12(b)(6) . . . . . . . . . . . . 5

        4.   MOTION FOR SUMMARY JUDGMENT PURSUANT TO
            FED.R.CIV.P. 56 . . . . . . . . . . . . . . 6

        5.   REQUIREMENTS FOR A PRELIMINARY
            INJUNCTION . . . . . . . . . . . . . . . 9, 15

    B.   EXHAUSTION . . . . . . . . . . . . . . . . . . . . 9

        1.   PETITIONER HAS ONLY EXHAUSTED ON ONE OF
            THE ALLEGATIONS IN HIS CIVIL COMPLAINT,
            AND HAS FAILED TO EXHAUST ON THE REMAINDER
            PRIOR TO FILING THIS CIVIL ACTION . . . . . . . 9

    C.   EXHAUSTION OF REMEDIES BY ERNESTO SANTIAGO . . . . 11

        1.   OPENING OF LEGAL MAIL OUTSIDE OF
            SANTIAGO'S PRESENCE . . . . . . . . . . . . 12

        2-3. DELAY OR DENIAL OF LEGAL PHONE CALLS
            AND/OR LOSS OF LEGAL PAPERS DURING
            AN INSTITUTION LOCKDOWN . . . . . . . . . . 13

Case 1:05-cv-00153-SJM-SPB    Document 34    Filed 07/24/2006    Page 3 of 26

D.    PETITIONER HAS BEEN TRANSFERRED FROM FCI-McKEAN,
AND HIS REQUEST FOR INJUNCTIVE OR DECLARATORY
RELIEF IS MOOT . . . . . . . . . . . . . . . . . 14

E.    ALTERNATIVELY, EVEN IF PETITIONER WAS CURRENTLY
INCARCERATED AT FCI-McKEAN, BUREAU OF PRISON
POLICY PRECLUDES PETITIONER FROM POSSESSING
LEGAL MATERIAL THOUGH HE NEVERTHELESS ALWAYS
HAS A RIGHT OF ACCESS TO IT . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 22

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO #90304038    )
P.O. Box 8000                 )
Bradford, PA 16701,           )
                              )
        Plaintiff,            )    Civil Action No. 05-153E
                              )
    v.                        )    JUDGE McLAUGHLIN
                              )    MAGISTRATE JUDGE BAXTER
JAMES F. SHERMAN, WARDEN      )
AND BUREAU OF PRISON STAFF    )    ELECTRONICALLY FILED
P.O. Box 5000                 )
Bradford, PA 16701,           )
                              )
        Defendants.           )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

AND NOW comes James F. Sherman, Warden, and the Bureau of
Prison Staff at the Federal Correctional Institution at McKean,
Pennsylvania (hereinafter referred to as "Defendants"), by their
attorneys, Mary Beth Buchanan, United States Attorney for the
Western District of Pennsylvania, and Paul E. Skirtich, Assistant
United States Attorney for said District, and files the following
Memorandum of Law in Support of Defendants' Motion to Dismiss, or
in the Alternative, Motion for Summary Judgment, which is being
filed simultaneously with the Motion to Dismiss, or in the
Alternative, Motion for Summary Judgment, the latter which is
incorporated by reference and made a part hereof.

### I.  PLAINTIFF

Plaintiff in this action is Ernesto Santiago, currently a
federal inmate incarcerated at the United States Penitentiary

(USP) Lee in Jonesville, Virginia.  Prior to being transferred to USP Lee, Mr. Santiago was designated to the Federal Correctional Institution (FCI) McKean in Bradford, Pennsylvania.  He was housed at FCI McKean between May 25, 2001, and December 16, 2005.  See Declaration of Diana Jacobs Lee, attached hereto and marked as Exhibit 1, paragraph 3.

## II.  NAMED DEFENDANTS

The named defendants in this case are the Warden at FCI McKean, James Sherman, and the "Bureau of Prison Staff," allegedly also at FCI McKean.

## III.  STATEMENT OF THE CASE

Mr. Santiago alleges that the Warden and staff at FCI McKean have violated his rights in several ways:  (1) by losing a significant amount of legal papers during an institution lockdown; (2) opening inmates' legal mail outside their presence; (3) delaying and/or preventing a phone call with Plaintiff's attorney concerning an appeal on another case; and (4) confiscation of and/or not allowing Mr. Santiago to keep legal materials, including trial and sentencing transcripts, docket sheet, and others, in his possession.  As his remedy, Plaintiff requests an injunction against FCI McKean staff with regards to the above allegations.  Mr. Santiago also asks for reimbursement of the costs of his lawsuit, and $925.00 for his allegedly missing legal material.  See, generally, Plaintiff's Complaint with attached Statement of Claim.

2

## IV.    STATEMENT OF FACTS

**A.    Plaintiff's Current Institution**

According to SENTRY Public Information, inmate Santiago is currently incarcerated at the United States Penitentiary (USP) Lee in Jonesville, Virginia.  He arrived there on January 17, 2006.  Prior to being transferred to USP Lee, Petitioner was designated to FCI McKean in Bradford, Pennsylvania.  He was housed at FCI McKean between May 25, 2001, and December 16, 2005. <u>See</u>, Exhibit 1, paragraph 3.

**B.    Administrative Remedies Available to Federal Prisoners**

The administrative remedies available to persons incarcerated within the Bureau of Prisons are set forth in 28 C.F.R. § 542, <u>et</u> <u>seq</u>., and Program Statement 1330.13, <u>Administrative Remedy Program</u>.  Among other remedies, an inmate may file a formal written Administrative Remedy Request to the Warden within 20 calendar days following the date on which the basis of the request occurred.

An inmate who is not satisfied with the Warden's response may submit an Administrative Appeal to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.

If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response.  The administrative remedy process is not

3

considered to be "exhausted" until an inmate's final appeal is considered by the Bureau of Prisons General Counsel.  <u>See</u>, Exhibit 1, paragraphs 4, 5, 6.

In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Office so that rapid verification may be made as to whether an inmate has exhausted his administrative appeals on a particular issue.

### V.  LEGAL STANDARDS AND ARGUMENT

### A.   <u>Standards of Review</u>

#### 1.   <u>*Pro se* litigants</u>

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972), <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Bierley</u>, 141 F.2d 552, 555

4

(3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under the liberal pleading rules of this Circuit, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same).

**2.    Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) to attack the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations, and a court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n., Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

**3.    Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff, and all the well-pleaded allegations of the

complaint must be accepted as true.  <u>Neitzke v. Williams</u>, 490
U.S. 319 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The
motion cannot be granted unless the court is satisfied "that no
relief could be granted under any set of facts that could be
proved consistent with the allegations." <u>Hishon v. King &</u>
<u>Spaulding</u>, 467 U.S. 69, 73 (1984).  The issue is not whether the
plaintiff will prevail at the end but only whether he should be
entitled to offer evidence to support his claim.  <u>Neitzke</u>;
<u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974).  Rule 8(a) of the Federal
Rules of Civil Procedure states that a pleading must set forth a
claim for relief which contains a short and plain statement of
the claim showing that the pleader is entitled to relief.
Therefore, in order to survive a motion to dismiss for failure to
state a claim, the complaint must set forth sufficient
information to suggest that there is some recognized legal theory
upon which relief can be granted.

**4.   <u>Motion for Summary Judgment Pursuant to Fed.R.Civ.P.
56</u>**

Federal Rule of Civil Procedure 56(c) provides that summary
judgment shall be granted if the "pleadings, depositions, answers
to interrogatories, and admissions on file, together with the
affidavits, if any, show that there is not genuine issue as to
any material fact and that the moving party is entitled to
judgment as a matter of law."  Rule 56(e) further provides that
when a motion for summary judgment is made and supported, "an

adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'"  Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990), quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.

7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderence - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Although a court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d. Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

8

**5.   Requirements for a Preliminary Injunction**

The four-part test for injunctive relief is set forth and discussed below at Part V, Section E.

**B.   Exhaustion**

**1.   Petitioner Has Only Exhausted on One of the Allegations in His Civil Complaint, and Has Failed to Exhaust on the Remainder Prior to Filing This Civil Action.**

Petitioner has failed to exhaust on the following allegations raised in his Complaint:

    i.   Petitioner's allegation regarding losing a significant amount of legal papers during an institution lockdown.

    ii.  Petitioner's allegations that legal mail had been opened outside his presence in violation of BOP policy.

    iii. Petitioner's allegation that he was unable to call his attorney (Attorney Bies).  See Declaration of Diana Lee.[1]

The Prison Litigation Reform Act of 1995, as amended, 42 U.S.C. § 1997e(a) (PLRA), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.  The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are **exhausted**.

42 U.S.C. § 1997e.  (emphasis added)

---

[1]   Petitioner did exhaust on his allegation that BOP staff at FCI McKean are not permitting him to keep legal materials in his possession.

9

In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), the United States Supreme Court held that under the PLRA, an inmate must complete any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief before seeking adjudication on issues involving prison conditions.  <u>See</u> <u>Theodoropoulos v. I.N.S.</u>, 2004 WL 49118 (2nd Cir. 2004) (As a general rule, courts are required to strictly enforce statutory exhaustion requirements); <u>Neal v. Goord</u>, 267 F.3d 116 (2d Cir. 2001); <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir. 2000) (PLRA makes exhaustion mandatory in all cases); <u>Alexander v. Hawk</u>, 159 F.3d 1321 (11th Cir. 1998) (futile and inadequate nature of administrative remedy did not preclude mandatory exhaustion requirement of the PLRA).

In order to exhaust under the administrative remedy procedure for inmates, an inmate must first attempt to informally resolve the dispute with institution staff.  28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred.  28 C.F.R. § 542.14.  If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response.  28 C.F.R. § 542.15.  If the Regional Director denies the appeal, the inmate may appeal that

decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response.  See 28 C.F.R. § 542.15.  The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is considered by the Bureau of Prisons General Counsel.

C.    **Exhaustion of Remedies by Ernesto Santiago**

As previously stated in Section IV(B), Mr. Santiago had administrative remedies available to him while incarcerated at FCI-McKean.

On May 22, 2006, in connection with the above-captioned lawsuit, Bureau of Prisons Counsel Diana Lee accessed the computerized indexes of all administrative remedies filed by inmate Santiago to determine whether he exhausted available administrative remedies regarding each issue raised in his lawsuit.  A review of this index shows that inmate Santiago has only exhausted one of the claims alleged in his lawsuit, specifically, that legal materials were not allowed to be kept in his possession.  See, Exhibit 1, paragraph 8.

It is important to note that inmate Santiago failed to exhaust the administrative remedies available to him regarding his three (3) other allegations before filing this instant action.

11

## 1.    Opening of Legal Mail Outside of Santiago's Presence

With regard to inmate Santiago's allegation that legal mail was opened up outside his presence in violation of policy, the index shows that on August 31, 2005, inmate Santiago filed Administrative Remedy Number 387545-R1, directed to the Regional Office, complaining that his legal mail was inspected out of his presence. Inmate Santiago attempted to bypass the Warden because he considered his administrative remedy to be a sensitive issue. On September 2, 2005, inmate Santiago's administrative remedy was rejected. He was told that his issue was not sensitive and to file his complaint at the institution level. See, Exhibit 1, paragraph 10.

On October 21, 2005, inmate Santiago filed Administrative Remedy Number 387545-F1, directed to the Warden, stating that his legal mail was inspected out of his presence. On November 10, 2005, his administrative remedy request was answered. Inmate Santiago was told that if he was not satisfied with the response given, he could appeal within 20 calender days from the response date. See, Exhibit 1, paragraph 11.

On November 17, 2005, inmate Santiago filed an administrative remedy appeal with the Regional Office, Remedy Number 387545-R2. On December 13, 2005, the appeal was denied. Inmate Santiago was told that if he was not satisfied with the response given, he could appeal to the General Counsel at the

12

Central Office within 30 calendar days of the response.  It is important to note that inmate Santiago **never** appealed.  <u>See</u>, Exhibit 1, paragraph 12.

### 2-3. <u>Delay or Denial of Legal Phone Calls and/or Loss of Legal Papers During an Institution Lockdown</u>

Inmate Santiago did not file administrative remedies with respect to any legal phone calls being delayed or denied, or regarding any lost property, including but not limited to legal papers, during a shutdown.  Additionally, on May 22, 2006, Diana Lee accessed a second system, the <u>Tort Claim Database</u>, which contains records of all tort claims filed by inmates within the Bureau of Prisons since the year 2000.  A review of this database indicates that inmate Santiago has only filed one tort claim since 2000, Tort Claim Number:  TRT-NER-2004-02302.  A review of this tort claim does not address any issue in this Complaint, but complains about medical care he received.  <u>See</u>, Exhibit 1, paragraph 13.

Following a search of the indexes of all administrative remedies filed by Plaintiff, it was determined that the only allegation he exhausted on was not being permitted to keep legal documents in his possession.  He did not exhaust on any other issue raised in his complaint.  <u>See</u> Exhibit 1, paragraphs 12, 13. As such, this Court must summarily dismiss those claims for his failure to meet the exhaustion requirement of the PLRA.

D.    **Petitioner Has Been Transferred From FCI McKean, and His Request for Injunctive or Declaratory Relief Is Moot**.

Petitioner asks for an "expedited order" directed towards Warden Sherman and BOP McKean staff with respect to their handling of inmate mail.

Adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy.  <u>Wilkins v. Bittenbender</u>, 2006 WL 860140, *7 (M.D.Pa.), *citing* <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in the original). The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.  <u>Id.</u>

A prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.  <u>Osvaldo v. U.S.P. Lewisburg Warden</u>, 2006 WL 485574 (M.D.Pa.), *3.  <u>See</u> <u>also</u> <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27, n. 13 (3d Cir. 1981) (prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)

In this case, Petitioner was transferred from FCI McKean to United States Penitentiary (USP) Lee on December 16, 2005.  Due to the transfer and his claim concerning the handling of inmate mail, that is, conditions of his confinement, his transfer moots his request for injunctive or declaratory relief.

14

**E.    Alternatively, Even If Petitioner Was Currently Incarcerated at FCI-McKean, Bureau of Prison Policy Precludes Petitioner From Possessing Legal Material Though He Nevertheless Always Has a Right of Access to It**.

Even if Mr. Santiago were still incarcerated at FCI-McKean, he still fails to state a claim for injunctive relief since, at a minimum, he cannot show a *prima facie* case.

When determining whether an injunction should be granted, the Third Circuit uses a four part test. The movant must show:

(1) the likelihood of the movant's success on the merits;

(2) the extent of the irreparable injury from the alleged misconduct;

(3) the extent of the harm to the non-movant if the preliminary injunction is issued; and

(4) the effect on the public interest.

Clean Ocean Action v. York , 57 F.3d 328,331 (3d Cir. 1995); Opticians Ass'n of American v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1995). The preliminary injunction is only to be granted in extraordinary circumstances. See Hoxworth v. Blinder, Robinson & Company, Inc., 903 F.2d 186, 189 (3d Cir. 1990). The injunction will issue only if the Plaintiff produces evidence sufficient to convince the District Court that all four factors favor preliminary relief. Merchant & Evans v. Roosevelt Building Products Company, Inc., 963 F.2d 628, 632 (3d Cir. 1992).

To satisfy the first prong of the preliminary injunction test, a movant must demonstrate a "reasonable probability of eventual success on the merits in the litigation." Barclay's Business Credit Inc. v. Four Winds Plaza Partnership, 938 F.Supp. 304, 307 (3d Cir. 1996) *quoting* Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982). "It is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather the burden is on the party seeking relief to make a *prima facie case showing a reasonable probability that it will prevail on the merits."* Barclay's Business Credit, at 308, *quoting* Oburn v. Shapp, 521 F.2d 142, 147-48 (3d Cir. 1975)(emphasis added).

In his Complaint in which Mr. Santiago seeks injunctive relief, Mr. Santiago does not demonstrate or even mention the likelihood of success on the merits. In fact, nowhere in the Complaint does Mr. Santiago attempt to set out a *prima facie* case. He does not because he cannot. Rather, it is clear that BOP Program Statement (PS) 1351.05 expressly prohibits inmates from obtaining or possessing photocopies of presentence reports (PSRs) and/or the Statement of Reasons (SOR) contained in their Judgment and Commitment Orders. PS 1351.05 at 15. BOP implemented that policy because (1) many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, and other personal

16

information; (2) BOP has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources or other assets; and (3) inmates who refuse to provide the documents are threatened, assaulted and/or seek protective custody.  Likewise, inmates providing PSRs and SORs containing harmful information are often faced with the same risks of harm. PS 1351.05 at 15-16.

Critically, while PS 1351.05 bans sentenced inmates from possessing photocopies of their PSRs and SORs, it allows such inmates to <u>review</u> these documents "under the direct and constant supervision of staff."  PS 1351.05 at 17.  Thus, while admittedly PS 1351.05 causes an inconvenience to Mr. Santiago and other similarly situated plaintiffs, it does not prevent access to any legal document Mr. Santiago desires to see.  For the sake of safety, Mr. Santiago can observe any legal document as long as he follows proper requesting procedures.  Mr. Santiago's failure to note any specific dates and times where he asked to observe a specific document and was declined is fatal to his claim.

Mr. Santiago's claim also fails for the above reasons even if the documents he seeks are not specifically enumerated in PS 1351.05.  Then Warden Sherman applied PS 1351.05 to inmates' requests for dockets after learning that it was an "end run" to gain information to be used as leverage over the other inmates.

17

See Declaration of James Sherman, attached hereto and marked as
Exhibit 2, para. 4, 5.  Though not a document specifically
mentioned in the PS, the dockets are being manipulated and
utilized in the same fashion as PSRs or SORs at McKean.

     Bureau of Prisons Policy Statement 1351.05, "Release of
Information," bans the possession of legal materials, such as
presentence reports, Statements of Reasons from Judgments, among
others.  See Exhibit 2, para. 3.  Then FCI-McKean Warden Sherman
knew that the above policy was implemented to protect inmates who
refused to produce their legal documents to other inmates.
Often, a blanket refusal spawned physical reactions from other
inmates.  Simply prohibiting the possession of specific items in
the program statement, however, did not eliminate the risk of
injury to certain inmates.  Inmates then attempted to circumvent
the policy by requesting legal papers of codefendants, including
but not limited to motions for downward departure.  Consequently,
Warden Sherman banned the possession by inmates of any legal
materials concerning criminal convictions.  Exhibit 2, para. 3,
4, 5.

     Notwithstanding the ban on possession and continual control
by inmates with their legal materials, however, Warden Sherman
always allowed inmates to have access to their criminal
documents.  As long as inmates followed prison policy, they could
request documents from their central file and review the items at

18

FCI-McKean.  <u>See</u> Exhibit 2, para. 5.  In the above way, then, Warden Sherman kept a seemingly innocuous request to possess legal documents from being manipulated and pose a physical threat to inmates.  Therefore, then Warden Sherman's prohibition on possessing dockets and other similar legal pleadings is within the spirit of PS 1351.05 and should be upheld by this Court.

The second prong for injunctive relief, irreparable injury, is established by showing the Plaintiff will suffer harm that "cannot be redressed by a legal or equitable remedy following trial."  <u>Instant Air Freight Company v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989)(a preliminary injunction must be the only way of protecting the Plaintiff from the harm).  <u>Hoe v. Casey</u>, 868 F.3d 69, 72 (3d Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 848 (1989); <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987)(irreparable injury explained as more than merely serious or substantial harm).  Recent case law provides some assistance in the determination of that injury which is irreparable under the standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'" <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).  Additionally, the claimed injury "...cannot merely be possible, speculative or remote."  <u>Dice v. Clinicorp, Inc.</u>, 887 F.Supp. 803, 809 (W.D.Pa. 1995).  An injunction is not to be issued "...simply to eliminate a possibility of a remote future injury..."  <u>Acierno</u> at 655 (citation omitted).

19

In his Complaint seeking injunctive relief, Plaintiff Santiago fails to allege how the alleged misconduct would subject him to irreparable injury.  Indeed, Mr. Santiago has not shown that irreparable harm will result if injunctive relief is denied. While FCI-McKean officials have refused to give copies to the inmates to possess, Mr. Santiago and other inmates have access to and can review the documents.  See Exhibit 2, para. 5. Additionally, Mr. Santiago has not shown how the lack of physical possession of any of the requested documents has impeded his access to Court or prejudiced his case.  See Smith v. Leblanc et al., 2003 WL 23101806 *3 (D.Minn. Dec. 30, 2003).

Further, Mr. Santiago has expressly failed to allege, as required by Lewis v. Casey, 116 S.Ct. 2174 (1996), that he has suffered actual harm as a result of Defendants' refusal to provide copies of legal materials for Mr. Santiago's possession.

Finally, in this case, when considering where the public interest lies, it is essential to evaluate the possible effects upon the public from the grant or denial of injunctive relief. Oburn, at 152.  Public interest and Public policy do not favor granting a preliminary injunction in this case.  The United States Congress has delegated the operation, management, and regulation of the Federal Prison System to the Director of the Bureau of Prisons.  28 C.F.R. § 0.96.  This authority necessarily includes the ability to maintain and improve prison security.  PS

20

1351.05.  The Supreme Court has continuously stressed that "...[F]ederal courts ought to afford appropriate deference and flexibility to .... officials trying to manage a volatile environment.  Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claim." Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995).  Public policy demands that federal courts refrain from involvement with the day-to-day management of prison life. Id.  Plaintiff Santiago's request for a preliminary injunction would not further public policy because his requests necessarily involve this Court in the "day-to-day management of [the] prison[]..." Sandin v. Conner, 115 S.Ct. at 2299, especially in the area of maintaining prisoner safety.

Therefore, a preliminary injunction cannot be granted because the record does not support a finding of likelihood of success on the merits or that irreparable injury to the Plaintiff will result, and/or that there will not be a detrimental effect on the public interest if the injunction is granted.  If the record does not support such a finding, then a preliminary injunction cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Without a finding on all of these important factors, no hearing on the matter is required.

## VI. CONCLUSION

Petitioner has failed to exhaust his administrative remedies in regards to three (3) of his four claims raised in his Complaint, and dismissal is warranted on that basis alone. Further, Petitioner has been transferred to another prison facility, that is, USP Lee, mooting his claims for injunctive and declaratory relief regarding FCI McKean's policy of preventing inmates from keeping legal documents in their possession. Alternatively, even if Petitioner was still housed at FCI-McKean, he has failed to show all of the elements necessary to grant injunctive relief for him.

                         Respectfully Submitted,

                         MARY BETH BUCHANAN
                         UNITED STATES ATTORNEY


                         s/Paul E. Skirtich
                         PAUL E. SKIRTICH
                         Assistant U.S. Attorney
                         Western District of
                         Pennsylvania
                         700 Grant Street, Suite 4000
                         Pittsburgh, PA 15219
                         (412) 894-7418
                         PA ID No. 30440

Dated:  July 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment was electronically filed and served by first-class mail, postage-prepaid, on this 24th day of July, 2006, to the following:

        Ernesto Santiago
        Reg. No. 90304-038
        United States Penitentiary
        Lee County
        Post Office Box 305
        Jonesville, VA 24263-0305


                                s/Paul E. Skirtich
                                PAUL E. SKIRTICH
                                Assistant U.S. Attorney