Exhibit 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO,

      PLAINTIFF,

V.                               CIVIL NO. 05-153

JAMES F. SHERMAN,

      DEFENDANT.

### DECLARATION OF DIANA JACOBS LEE

I, DIANA JACOBS LEE, do hereby declare and state as follows:

1. I am an Assistant Regional Counsel at the Northeast Regional Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania. I have been employed with the Federal Bureau of Prisons since June 29, 2003. As part of my official duties, I have access to Bureau of Prisons files maintained in the ordinary course of business on inmates incarcerated within the Federal Bureau of Prisons.

2. I am familiar with the complaint filed by inmate Ernesto Santiago, register number 90304-038, in which he alleges Federal Correctional Institution (FCI) McKean staff prevented him from possessing his legal materials; opened his legal mail outside his presence; lost his legal materials; and delayed a legal phone call to an outside attorney.

3. In the ordinary course of business computerized records of

inmate data are maintained by the Bureau of Prisons under the SENTRY program. According to SENTRY Public Information, inmate Santiago is currently incarcerated at the United States Penitentiary (USP) Lee, in Jonesville, Virginia. He arrived there on January 17, 2006. Prior to being transferred to USP Lee, Petitioner was designated to FCI McKean in Bradford, Pennsylvania. He was housed at FCI McKean between May 25, 2001, and December 16, 2005.

4. The administrative remedies available to persons incarcerated within Bureau of Prisons are set forth in the 28 C.F.R. § 542, <u>et seq.</u>, and Program Statement 1330.13, <u>Administrative Remedy Program</u>. An inmate may file a formal written Administrative Remedy Request to the Warden, within 20 calendar days following the date on which the basis of the request occurred.

5. An inmate who is not satisfied with the Warden's response may submit an Administrative Appeal to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.

6. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is considered by the Bureau of Prisons General Counsel.

7. In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Office so that rapid verification may be made as to whether an inmate has exhausted his administrative appeals on a particular issue.

8. On May 22, 2006, in connection with the above-captioned lawsuit, I accessed the computerized indexes of all administrative remedies filed by inmate Santiago to determine whether he exhausted available administrative remedies regarding each issue raised in his lawsuit. A review of this index shows that inmate Santiago has only exhausted one of the claims alleged in his lawsuit, specifically that legal materials were not allowed to be kept in his possession.

9. Inmate Santiago failed to exhaust the administrative remedies available to him regarding his other allegations before filing this instant action.

10. With regard to inmate Santiago's allegation that legal mail was opened up outside his presence in violation of policy, the index shows that on August 31, 2005, inmate Santiago filed administrative remedy number 387545-R1, directed to the Regional Office complaining that his legal mail was inspected out of his presence. Inmate Santiago attempted to bypass the Warden level because he considered his administrative remedy to be a sensitive issue. On September 2, 2005, inmate Santiago's administrative

remedy was rejected. He was told that his issue was not sensitive and to file at the institution level.

11. On October 21, 2005, inmate Santiago filed administrative remedy number 387545-F1, directed to the Warden stating that his legal mail was inspected out of his presence. On November 10, 2005, his administrative remedy request was answered. Inmate Santiago was told that if he was not satisfied with the response given, he could appeal within 20 calender days from the response date.

12. On November 17, 2005, inmate Santiago filed an administrative remedy appeal with the Regional Office, Remedy number 387545-R2. On December 13, 2005, the appeal was denied. Inmate Santiago was told that if he was not satisfied with the response given, he could appeal to the General Counsel at the Central Office within 30 calendar days of the response. Inmate Santiago never appealed.

13. Inmate Santiago did not file administrative remedies with respect to any legal phone calls being delayed or denied, or regarding any lost legal property. Additionally, on May 22, 2006, I accessed the Tort Claim Database which contains records of all tort claims filed by inmates within the Bureau of Prisons since the year 2000. A review of this database indicates that inmate Santiago has only filed one tort claim since 2000, Tort Claim Number: TRT-NER-2004-02302. A review of this tort claim does not address any issue in his complaint, and is regarding medical care

he received.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

_Diana Jacobs Lee_    5/23/06
Diana Jacobs Lee    Date
Assistant Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons