IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO                      )
                          Plaintiff,  )
                                      )
           v.                         )        C.A. No. 05-153Erie
                                      )        District Judge McLaughlin
JAMES SHERMAN, et al.,                )        Magistrate Judge Baxter
                          Defendants. )

MAGISTRATE JUDGE'S

REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

       It is  respectfully recommended that the motion to dismiss or alternatively for summary

judgment [Document # 33] be granted and this case be dismissed.

**II.     REPORT**

       **A.      Relevant Procedural and Factual History**

       On May 17, 2005, Plaintiff, a federal inmate formerly incarcerated at FCI-McKean, filed

the instant civil rights action.[1]  Named as Defendants are: Warden James Sherman and "Bureau

of Prisons Staff".  Plaintiff alleges that the Defendants have violated his civil rights in several

ways: 1) by losing a significant amount of legal papers; 2) opening his legal mail outside of his

presence; 3) delaying and/or preventing a phone call with Plaintiff's attorney concerning an

appeal; 4) confiscation of and/or not allowing Plaintiff to keep legal materials in his possession.

As relief, Plaintiff seeks an injunction and requests reimbursement for the costs of this lawsuit

as well as monetary compensation for his missing legal materials.

---

[1]  At the time of the filing of the complaint, Plaintiff was incarcerated at FCI-McKean.
Since that time, Plaintiff has been transferred to another federal facility outside of this district.

The issues are fully briefed and ripe for disposition by this Court.

### B.      Standards of Review

#### 1.      *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a  *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.      Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless

the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### 3.    Motion for summary judgment

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial

burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

C.    Mootness

The general principle of mootness derives from the case or controversy requirement of

Article III of the U.S. Constitution.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477. See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted).  Once a controversy ceases to exist, the court must dismiss the case for lack of jurisdiction.  United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002) citing Lewis, 494 U.S. at 477-78.

        In the prison context, the transfer of an inmate from the facility complained of moots claims for injunctive relief involving that facility.  See Abdul-Akbar v. Watson, 4 F.3d 195 (3d Cir. 1993); Sutton v. Rasheed, 323 F.3d 236 (3d Cir. 2003).  Since the filing of this lawsuit, Plaintiff has been transferred to another federal facility and now his claims for injunctive relief have become moot.  Accordingly, Defendants' motion to dismiss as to this claim should be granted.

        **D.    Exhaustion**

        **1.    The Exhaustion Requirement of the Prison Litigation Reform Act**

        The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted.*

Id. (Emphasis added).

        The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton,

306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative

exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S.

140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to

exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL

2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]   The exhaustion requirement is not a

technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis,

204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required

exhaustion").  There is no "futility" exception to the administrative exhaustion requirement.

Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to a recent decision by the U.S. Supreme Court, the PLRA requires "proper

exhaustion," meaning that a prisoner must complete the administrative review process in

accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___

U.S. ___, ___, 126 S.Ct. 2378, 2386 (June 22, 2006) ("Proper exhaustion demands compliance

with an agency's deadlines and other critical procedural rules ...").  Importantly, the exhaustion

requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ...

appeal." Id at 2382.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative

defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287

(3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with

particularity," while construing the PLRA requirements in light of the Supreme Court decision

in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting

the defense to plead and prove it. Id.

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not
deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d
Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional
requirement, such that failure to comply with the section would deprive federal courts of subject
matter jurisdiction.").

###### 2.     The Procedural Default Component of the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explicitly held that the

exhaustion requirement of the PLRA includes a procedural default component, by analogizing it

to the exhaustion doctrine (with its corollary procedural default component) in the habeas

context.  Spruill v. Gillis,  372 F.3d 218, 228-229 (3d Cir. 2004).[3]  The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting §
> 1997e(a)'s exhaustion requirement to include a procedural default component.
> Based on our earlier discussion of the PLRA's legislative history, [...] Congress
> seems to have had three interrelated objectives relevant to our inquiry here: (1) to
> return control of the inmate grievance process to prison administrators; (2) to
> encourage development of an administrative record, and perhaps settlements,
> within the inmate grievance process; and (3) to reduce the burden on the federal
> courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is
> better served by interpreting § 1997e(a)'s exhaustion language to include a
> procedural default component than by interpreting it merely to require
> termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then

indicated that "prison grievance procedures supply the yardstick for measuring procedural

default."  Id. at 231.


###### 3.     The Administrative Process Available to Federal Inmates

No analysis of exhaustion may be made absent an understanding of the administrative

process available to federal inmates.  The Bureau of Prisons has established a multi-tier system

whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28

C.F.R. §§ 542.10-542.19 (1997).   First, "an inmate shall ... present an  issue of concern

informally to staff, and staff shall attempt to informally resolve the issue before an inmate

submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at

an institution is unable to informally resolve his complaint, he may file "a formal written

Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20

---

2 There is a split of authority among the Circuits on this issue.  Compare Berry v. Kerik,
366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and
Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th
Cir. 2003).

calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 4.      Exhaustion Applied

Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to his remaining claims and that those claims should be dismissed pursuant to the PLRA. These remaining claims are:

    i.      Plaintiff's allegation regarding the loss of his legal papers during an institutional lockdown;

    ii.     Plaintiff's allegation that legal mail was opened outside his presence; and

    iii.    Plaintiff's allegation that he was unable to call his attorney.

According to Defendants, Plaintiff attempted to exhaust his administrative remedies as to the loss of legal papers, yet stopped short of filing an appeal to the General Counsel at the Central Office, the final stage of review.  Document # 34, Exhibit 1, Declaration of Diana Jacobs Lee, Assistant Regional Counsel at the Northeast Regional Office of the Federal Bureau of Prisons, ¶ 12.  As Plaintiff has not completely exhausted his administrative remedies as to this issue, summary judgment should be granted in favor of Defendants.

Plaintiff has not filed any grievance as to the other remaining claims in this case. Id. Therefore, because Plaintiff has not exhausted in accordance with the PLRA, summary judgment should be granted in favor of Defendants.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or alternatively for summary judgment [Document # 33] be granted and this case should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: January 4, 2007